1    Andrea M. Hicks, California Bar No. 219836
**BRYAN CAVE LLP**
2    560 Mission Street, 25th Floor
San Francisco, CA 94105
3    Telephone: (415) 675-3400
Facsimile: (415) 675-3434
4    Email:     andrea.hicks@bryancave.com

5    Neeru Jindal, California Bar No. 235082
**BRYAN CAVE LLP**
6    120 Broadway, Suite 300
Santa Monica, CA 90401
7    Telephone: (310) 576-2100
Facsimile: (310) 576-2200
8    Email:     neeru.jindal@bryancave.com

9    Attorneys for Defendants
Bank Of America, N.A., Mortgage Electronic Registration Systems, Inc.,
10   ReconTrust Company, N.A., and Federal National Mortgage Association

11

## UNITED STATES DISTRICT COURT

12

## CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DISTRICT

13

| | |
|---|---|
| 14   JOE DURAN, an individual, | Case No. 2:15-cv-00157-MWF-ASx |
| 15         Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 16         v. | |
| 17   BANK OF AMERICA, N.A., a corporation; MORTGAGE | |
| 18   ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation; | |
| 19   RECONTRUST COMPANY, N.A., a subsidiary of BANK OF AMERICA, | [Fed.R.Civ.P. 12(b)(6), 12 (b)(e)] |
| 20   N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a | [Filed concurrently with Proposed Order] |
| 21   national association; USBANCORP, as parent company of U.S. BANK TRUST, | |
| 22   N.A., as agent for the LSF9 MASTER PARTICIPATION TRUST, a Delaware | Date: February 23, 2015 |
| 23   Statutory Trust; CLEAR RECON CORP., a corporation; CALIBER | Time: 10:00 a.m. Room: 1600, 16th Floor |
| 24   HOME LOANS, INC., a corporation; and DOES 1 through 50, inclusive, | |
| 25         Defendants. | Complaint Filed: December 8, 2014 Date of Removal: January 8, 2015 Trial Date: Not set |

26

27

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 23, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1600 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, Defendants Bank of America, N.A. ("BANA"), Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") will, and hereby do, jointly and severally, move the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the Complaint of plaintiff Joe Duran ("Plaintiff"), without leave to amend, for failure to state a claim upon which relief can be granted.

In the alternative, Defendant moves this Court pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for an order for a more definite statement because each and every cause of action in the Complaint is impermissibly uncertain and Defendants cannot respond.

The Motion is made on the grounds that each of Plaintiff's claims fail because Plaintiff fails to allege the required elements of each cause of action and fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Pursuant to Local Rule 7-3, the parties met and conferred but were unable to reach a resolution that would preclude the necessity of filing this Motion.

///
///
///
///
///
///
///
///

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    This Motion is based on this Notice of Motion and Motion, the attached

2  Memorandum of Points and Authorities, the records on file in this case, and all other

3  matters that the Court may consider, including the oral argument of counsel.

4  Dated:  January 26, 2015              **BRYAN CAVE LLP**

5

6                                                By: ___*Neeru Jindal*_____
                                                        Neeru Jindal
7                                                       Attorney For Defendants
                                                        Bank Of America, N.A.. Mortgage
8                                                       Electronic Registration Systems, Inc.,
                                                        ReconTrust Company, N.A., and
9                                                       Federal National Mortgage Association

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION .................................................................................. 1

II.     STATEMENT OF FACTS ...................................................................... 1

III.    LEGAL STANDARD ............................................................................. 4

IV.     PLAINTIFF'S ALLEGATIONS FAIL UNDER *TWOMBLY*. ......................... 5

V.      COUNT NO. 1 FOR WRONGFUL FORECLOSURE FAILS ........................ 5

        A.      Plaintiff fails to Allege a Violation of Section 2923.5 ............................ 6

        B.      Plaintiff Fails to Allege Any Improprieties in Foreclosure
                Proceedings. ........................................................................... 8

        C.      Assignment of the Deed of Trust Was Proper. ......................... 9

VI.     COUNT NO. 2 FOR FRAUD FAILS ...................................................... 10

        A.      Plaintiff Fails to Plead the Elements of a Fraud Claim ............. 11

        B.      Plaintiff Cannot Lump Multiple Defendants Together. ............ 13

VII.    COUNT NO. 3 FOR NEGLIGENCE FAILS ............................................ 14

        A.      Defendants Owed Plaintiff No Duty of Care. ......................... 14

        B.      Plaintiff Fails to Plead Any Breach of a Duty Owed. ............... 15

        C.      Plaintiff Fails to Plead Any Damages or Proximate Causation. ........... 16

VIII.   COUNT NO. 4 FOR VIOLATION OF THE UCL FAILS ............................ 16

        A.      Plaintiff Lacks Standing to Bring a UCL Claim. .................... 16

        B.      Plaintiff Fails to Plead Facts Showing the Existence of Any Illegal,
                Fraudulent or Unfair Acts to Support a UCL Claim ................ 17

                1.      Plaintiff Fails to Allege Unlawful Conduct. .................. 17

                2.      Plaintiff Fails to Allege Unfair Conduct. ..................... 17

                3.      Plaintiff Fails to Allege Any Fraudulent Conduct. ........ 18

IX.     ALTERNATIVELY, IF THE COMPLAINT IS NOT DISMISSED,
        PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE
        DEFINITE STATEMENT. ..................................................................... 18

X.      CONCLUSION ................................................................................... 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anderson v. District Bd. of Trustees of Cent. Florida Community College,*
77 F.3d 364 (11th Cir. 1996) ................................................................. 19

*Anderson v. Heart Fed. Savings and Loan Assn.,*
208 Cal. App. 3d 202 (1989) ............................................................ 5, 19

*Animal Legal Defense Fund v. Mendes,*
160 Cal. App. 4th 136 (2008) .......................................................... 16, 17

*Armstrong v. Chevy Chase Bank, FSB,*
2012 WL 4747165 (N.D. Cal. Oct. 3 2012) ......................................... 14

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) ............................................................................ 4

*Aspenlind v. Am.'s Servicing Co.,*
No. 07-0769, 2008 U.S. Dist. LEXIS 11530 (E.D. Ca. Feb. 15, 2008) ................. 13

*Associated Gen. Contrs. of Am. v. Metro. Water Dist.,*
159 F.3d 1178 (9th Cir. 1998) ................................................................. 4

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1990) ................................................................. 4

*Bank of America, N.A. v. Roberts,*
217 Cal. App. 4th 1386 (2013) .............................................................. 15

*Bautista v. Los Angeles County,*
216 F.3d 837 (9th Cir. 2000) ................................................................. 4

*Beall v. Quality Loan Serv. Corp.,*
2011 WL 1044148 (S.D. Cal. Mar. 21, 2011) ....................................... 6

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ..................................................................... 4, 5, 19

*Bennett v. Suncloud,*
56 Cal. App. 4th 91 (1997) .................................................................... 18

*Berryman v. Merit Prop. Mgmt., Inc.,*
152 Cal. App. 4th 1544 (2007) .............................................................. 17

*Brotemarkle v. Snyder,*
99 Cal. App. 2d 388 (1950) .................................................................... 5

*Brown v. So. Calif Edison Co.,*
12 Cal. App. 102 (1932) ......................................................................... 5

*Cadlo v. Owens-Illinois, Inc.,*
125 Cal. App. 4th 513 (2004) ................................................................ 12

*Chabner v. United of Omaha Life Ins. Co.,*
225 F.3d 1042 (9th Cir. 2000) .............................................................. 16

*Clegg v. Cult Awareness Network,*
18 F.3d 752 (9th Cir. 1994) ................................................................... 5

*Dimock v. Emerald Props. LLC,*
81 Cal. App. 4th 868 (2000) ................................................................... 9

*Edwards v. Marin Park, Inc.*,
356 F.3d 1058 (9th Cir. 2004) ............................................................................... 10

*Gentsch v. Ownit Mortg. Solutions Inc.*,
2009 WL 1390843, slip op. (E.D. Cal. May 14, 2009) ........................................ 8

*Hall v. Time, Inc.*,
158 Cal. App. 4th 847 (2008) ............................................................................... 16

*Harazim v. Lynam*,
267 Cal. App. 2d 127 (1968) ............................................................................... 10

*Haskin v. R.J. Reynolds Tobacco Co.*,
995 F. Supp. 1437 (M.D. Fla. 1998) .................................................................... 13

*Hoffman v. Bank of Am., N.A.*,
2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) .................................. 15

*Homestead Sav. v. Darmiento*,
230 Cal. App. 3d 424 (1991) ................................................................................. 8

*I.E. Assocs. v. Safeco Title Ins.*,
39 Cal. 3d 281 (1985) ........................................................................................... 8

*Kachlon v. Markowitz*,
168 Cal. App. 4th 316 (2008) ............................................................................... 9

*Khoury v. Maly's of Cal., Inc.*,
14 Cal. App. 4th 612 (1993) ................................................................................. 18

*Krantz v. BT Visual Images*,
89 Cal. App. 4th 164 (2001) ................................................................................. 16

*Lane v. Vitek Real Estate Indus. Grp.*,
713 F. Supp. 2d 1092 (E.D. Cal. 2010) ................................................................. 6

*Lazar v. Hertz Corp.*,
69 Cal. App. 4th 1494 (1999) ............................................................................... 17

*Mabry v. Super. Ct.*,
185 Cal. App. 4th 208 (2010) ..................................................................... 7, 8, 15

*Manzano v. Metlife Bank, N.A.*,
2011 WL 2080249 (E.D. Cal. May 25, 2011) ....................................................... 6

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*,
No. 07-912, 2007 WL 3047093 (S.D. Cal. Oct. 16, 2007) ................................ 11

*Moeller v. Lien*,
25 Cal. App. 4th 822 (1994) ................................................................................. 8

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) ........................................................................ 10, 13

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) .................................................................................... 10

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
231 Cal. App. 3d 1089 (1991) ............................................................................. 14

*Pantoja v. Countrywide Home Loans, Inc.*,
640 F. Supp. 2d 1177 (N.D. Cal. 2009) ............................................................... 12

*Parcray v. Shea Mortg., Inc.*,
2010 U.S. Dist. LEXIS 40377 (E.D. Cal. 2010) ................................................... 9

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

*Perdue v. Crocker Nat'l Bank,*
  38 Cal.3d 913 (1985) ............................................................................5

*Philipson & Simon v. Gulsvig,*
  154 Cal. App. 4th 347 (2007) ..............................................................12

*Phillips v. "MERS" Mortg. Elec. Registration Sys.,*
  2009 U.S. Dist. LEXIS 93277 (E.D. Cal. Oct. 2, 2009)......................14

*Roque v. Suntrust Mortg., Inc.,*
  2010 U.S. Dist. LEXIS 11546 (N.D. Cal. 2010) ...................................9

*Rosenfeld v. JPMorgan Chase Bank, N.A.,*
  732 F. Supp. 2d 952 (N.D. Cal. 2010)...................................................6

*Ruiz v. Mortgage Elec. Registration Sys.,*
  No. 09-0780, 2009 U.S. Dist. LEXIS 67050 (E.D. Ca. Aug. 3, 2009) ..................13

*Scripps Clinic v. Superior Court,*
  108 Cal. App. 4th 917 (2003) .........................................................17, 18

*Semegen v. Weidner,*
  780 F.2d 727 (9th Cir. 1985) ...............................................................10

*Service by Medallion, Inc. v. Clorox Company,*
  44 Cal. App. 4th 1807 (1996) ..............................................................12

*Small v. Fritz Cos., Inc.,*
  30 Cal. 4th 167 (2003) .........................................................................12

*Sollberger v. Wachovia Securities, LLC,*
  2010 U.S. Dist. LEXIS 66233 (C.D. Cal. 2010) .................................19

*Swartz v. KPMG LLP,*
  476 F.3d 756 (9th Cir. 2007) ...............................................................13

*Vella v. Hudgins,*
  151 Cal. App. 3d 515 (1984) ...............................................................12

*Vuki v. Super. Ct.,*
  189 Cal. App. 4th 791 (2010) ..............................................................12

*Winter v. Chevy Chase Bank,*
  2009 U.S. Dist. LEXIS 99554 (N.D. Cal. Oct. 26, 2009) ....................14

*Wong v. Am. Servicing Co., Inc.,*
  2009 WL 5113516 (E.D. Cal. 2009)....................................................14

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................1, 16, 17, 18

Cal. Bus. & Prof. Code § 17204 ......................................................16

Cal. Civ. Code § 2923.5..............................................................6, 7, 8

Cal. Civ. Code § 2923.5(a) ...............................................................7

Cal. Civ. Code § 2923.5(b) ...............................................................7

Cal. Civ. Code § 2924.....................................................................17

Cal. Civ. Code § 2924 *et seq.* .........................................................8

Cal. Civ. Code § 2924(a)(1).............................................................8

Cal. Civ. Code § 2924(a)(6).............................................................6

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

SM01DOCS\1073210.1

NOTICE OF MOTION AND MOTION TO DISMISS

Cal. Civ. Code § 2932................................................................................6
Cal. Civ. Code § 2932.5....................................................................6, 9, 17
Cal. Civ. Code § 2934................................................................................9
Cal. Pen. Code § 532(f)(a)(4) ...........................................................16, 17

**Rules**

Fed. R. Civ. P. 12(b)(6).............................................................................4
Fed. R. Civ. P. 12(e) ...............................................................................18
Fed. R. Civ. P. 8 ................................................................................4, 5
Fed. R. Civ. P. 8(a) .................................................................................19
Fed. R. Civ. P. 9(b) ..........................................................................10, 11

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1             <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2 **I.**     **<u>INTRODUCTION</u>**

3        The allegations in Plaintiff Joe Duran's ("Plaintiff") Complaint are an attempt

4 to obfuscate the heart of this case: In December 2007, Plaintiff obtained a

5 $312,500.00 loan on his real property. After defaulting on his mortgage in 2009,

6 Plaintiff was offered a loan modification in January 2010. Shortly thereafter,

7 Plaintiff again defaulted and foreclosure proceedings were instituted. Plaintiff now

8 brings suit claiming Defendants lack standing to foreclose based on alleged failures

9 in the non-judicial foreclosure process, and that Defendants engaged in fraud and

10 were negligent in failing to offer him a subsequent loan modification.

11        This case is simply about a homeowner who was unable to afford a loan

12 modification after failing to pay his legally obligated payments under his home loan

13 and deed of trust, resulting in foreclosure proceedings being commenced on the

14 property. The complaint asserts four causes of action against Defendants for

15 wrongful foreclosure, fraud, negligence and violation of Bus. & Prof. Code § 17200.

16 However, Plaintiff has alleged absolutely no facts to substantiate any of the

17 purported claims in the Complaint. He does allege one fact, with which Defendants

18 agree and which dooms each of his causes of action—Plaintiff admittedly began

19 missing his required loan payments in 2009, which resulted in a foreclosure

20 proceedings being commenced.

21        Clearly, this lawsuit is nothing more than an attempt to remain in the property

22 rent free and stave off lawful foreclosure proceedings. Based on these and the

23 additional incurable defects herein, Plaintiff's Complaint fails and the Court should

24 grant Defendants' Motion to Dismiss without leave to amend.

25 **II.**     **<u>STATEMENT OF FACTS</u>**

26        On December 11, 2007, Plaintiff obtained a $312,500.00 loan from Stearns

27 Lending, Inc. secured by a Deed of Trust ("Deed") on real property located at 19724

28 East Groverdale Street, Covina, California 93550 (the "Property"). (Comp., ¶¶ 17-

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

18; Ex. B). The Deed lists "Joe Duran, Jr." as the trustor, First American Title Insurance Co. as the trustee, MERS as the beneficiary and specifically states that MERS has the power to foreclose and sell the Property, that rights in the Property can be assigned and transferred and that the loan can be sold. (*Id.*)

As Plaintiff concedes, he subsequently defaulted on the loan and a Notice of Default was recorded on March 17, 2009 by ReconTrust, as agent for the beneficiary. (*Id.,* ¶¶ 20-21; Ex. D). The Notice of Default was rescinded in March 2010. (*Id.,* ¶ 26; Ex. H).

On August 31, 2009, a Substitution of Trustee was recorded whereby ReconTrust Company, N.A. ("ReconTrust") was substituted as foreclosure Trustee under the Deed.[1] (*Id.,* Ex. F).

In January 2010, Plaintiff was offered a loan modification by BANA which he claims was "designed to fail" because the step-rate modification offer was unaffordable. (*Id.,* ¶¶ 24-25; Ex. G). Nevertheless, Plaintiff accepted the offer because he allegedly "had no choice." (*Id.,* ¶ 26). Shortly thereafter, Plaintiff "could not make a full mortgage payment" and defaulted on his loan modification. (*Id.,* ¶ 27).

On April 19, 2011, an Assignment of Deed of Trust was recorded whereby MERS assigned its beneficial interest in the Deed to BANA. (*Id.,* ¶ 28; Ex. I).[2]

On June 7, 2011, a second Notice of Default was recorded by ReconTrust, as agent for the beneficiary, indicating $21,698.54 in arrearages on the loan. (*Id.,* Ex. J).

---

[1] Plaintiff alleges that ReconTrust was previously substituted as trustee under the Deed on December 27, 2007. (*Id.,* ¶ 19; Ex. C). However, the document Plaintiff relies on pertains to a different deed of trust, not the Deed at-issue.

[2] While Plaintiff challenges BANA's beneficiary status throughout his Complaint, pursuant to Fannie Mae's servicing guidelines, when MERS is listed as the mortgagee of record, the servicer must prepare an assignment transferring the position from MERS back to the servicer, and then bring the foreclosure (judicial or non-judicial) in its own name. *See* https://www.efanniemae.com/sf/guides/ssg/annltrs/pdf/2010/svc1005.pdf

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    Plaintiff contends that between June and November 2011, he submitted

2  financial information to BANA for a HAMP modification review but was eventually

3  denied in November 2011. (Comp., ¶ 33). During this time, a Notice of Trustee's

4  Sale was recorded but the sale date was "postponed multiple times" pending the

5  modification review. (*Id.,* ¶ 32).

6    Subsequently, in August 2012, Plaintiff alleges he contacted the "Fannie Mae

7  Mortgage Help Center" regarding a loan modification and in September 2012, was

8  approved for another modification. (*Id.,* ¶¶ 35-38). Plaintiff claims that after

9  making 3 trial payments, he was offered a permanent modification in December

10  2012 (the "Fannie Mae modification offer"). (*Id.,* Ex. M). Plaintiff, however,

11  claims that he was unable to accept the Fannie Mae modification offer because it

12  was addressed to "Joe Duran, JR., Jr." (*Id.,* ¶ 40). He further claims that when he

13  informed BANA of this issue, it stated it would send him "re-drawn" documents but

14  failed to do so. (*Id.,* ¶ 41).

15    Plaintiff subsequently applied for another loan modification but was denied in

16  April 2013 for "excessive forbearance." (*Id.,* ¶¶ 45-49).

17    In November 2013, Plaintiff was issued yet another loan medication, similar

18  to the Fannie Mae modification offer, "but with a higher principal balance and

19  which was made out to "JOE DURAN JR." (*Id.,* ¶ 52, Ex. T). Notably, while

20  Plaintiff admits that this is the name on the Deed, he claims his name on his drivers'

21  license is simply "Joe Duran." Consequently, Plaintiff claims, he was unable to

22  have the modification notarized. (*Id.,* ¶¶ 53-57).

23    In April 2014, Plaintiff alleges he submitted another loan modification

24  application to his single point of contact at BANA, and sent additional documents to

25  BANA in May and August 2014. (*Id.,* ¶¶ 60-63). Since Plaintiff had not cured his

26  default, a Notice of Trustee's Sale was recorded in May 2014. (*Id.,* Ex. W).

27  Plaintiff was declined for a modification in October 2014. (*Id.,* ¶ 63).

28    In or around November 2014, Plaintiff's loan was service released to Caliber

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

SM01DOCS\1073210.1                    3
**NOTICE OF MOTION AND MOTION TO DISMISS**

1  Home Loans. (*Id.*, ¶ 64; Ex. Y).

2      A foreclosure sale has not occurred.

3      Plaintiff now alleges that the foreclosing proceedings were improper, as

4  Defendants had no right to foreclose as BANA lacked any beneficial interest in the

5  loan. Plaintiff's remaining factual allegations consist largely of boilerplate material

6  alleging Defendants' purported violations of a number of California statutes dealing

7  with non-judicial foreclosure. Finally, Plaintiff claims that Defendants engaged in

8  fraud and were negligent during the loan modification review. These allegations are

9  not only unsupported by facts, but are contradicted by the recorded foreclosure

10  documents. As demonstrated below, Plaintiff fails to state any claim for relief.

11  **III.    LEGAL STANDARD**

12      The standard governing a Motion to Dismiss is well settled. To comply with

13  Federal Rule of Civil Procedure 8, "plaintiff must plead a short and plain statement

14  of the elements of his or her claim, identifying the transaction or occurrence giving

15  rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles*

16  *County*, 216 F.3d 837, 840 (9th Cir. 2000). Rule 8 requires a plaintiff to allege

17  "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

18  *Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A complaint containing "[t]hreadbare

19  recitals of the elements of a cause of action, supported by mere conclusory

20  statements," does not state a cognizable claim for relief. *Ashcroft v. Iqbal*, 129 S.

21  Ct. 1937, 1949 (2009). Indeed, a court should grant a Rule 12(b)(6) motion if there

22  is a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged

23  under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

24  699 (9th Cir. 1990) (internal quotes omitted).

25      Although the court must construe the facts in the light most favorable to the

26  non-moving party, "conclusory allegations of law and unwarranted inferences are

27  not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of Am. v.*

28  *Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted). Mere

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause

2    of action" will not suffice to overcome a motion to dismiss. *Twombly*, 550 U.S. at

3    545-547 (citations omitted); *see also Clegg v. Cult Awareness Network*, 18 F.3d

4    752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions

5    cast in the form of factual allegations if those conclusions cannot reasonably be

6    drawn from the facts alleged.").

7    **IV.   PLAINTIFF'S ALLEGATIONS FAIL UNDER *TWOMBLY*.**

8         A complaint must be dismissed if it does not plead "enough facts to state a

9    claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 570. To base an

10   action on violation of statute, the relevant terms of the statute must be alleged.

11   *Brown v. So. Calif Edison Co.*, 12 Cal. App. 102, 104 (1932); *Brotemarkle v.*

12   *Snyder*, 99 Cal. App. 2d 388, 390 (1950). A party claiming that conduct violated

13   statutes must allege with "reasonable particularity" the facts supporting the statutory

14   elements of the violations. *Perdue v. Crocker Nat'l Bank*, 38 Cal.3d 913, 929

15   (1985). A person challenging a nonjudicial foreclosure "has the burden of pleading

16   and proof at trial of improper procedure and consequent prejudice." *Anderson v.*

17   *Heart Fed. Savings and Loan Assn.*, 208 Cal. App. 3d 202, 209 (1989). Plaintiff's

18   claims here fail under *Twombly*. Plaintiff makes broad and conclusory assertions

19   challenging foreclosure proceedings and Defendants' authority to foreclose, but

20   Plaintiff does not provide any facts with respect to those violations as they apply to

21   their loans.  Plaintiff broadly alleges violations, but does not provide any credible

22   facts regarding the circumstances surrounding those violations. Plaintiff simply

23   recites the elements of claims and make conclusory allegations of violations of

24   certain statutes. None of these allegations meet even the minimal pleading

25   requirements established in *Twombly* and fail to comply with Rule 8 of the Federal

26   Rules of Civil Procedure.

27   **V.   COUNT NO. 1 FOR WRONGFUL FORECLOSURE FAILS**

28         Plaintiff's first claim for "wrongful foreclosure" purports to allege a number

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  of statutory violations by Defendants in connection with non-judicial foreclosure
2  proceedings on the Property.  Plaintiff claims Defendants violated: (1) Civ. Code
3  § 2923.5 by failing to "respond to Plaintiff's multiple requests to redraw his loan
4  modification with his corrected name" (Comp., ¶ 66); (2) Civ. Code § 2924(a)(6)
5  because BANA allegedly "did not hold a beneficial interest when they [sic] recorded
6  an Assignment to themselves on April 26, 2011" or recorded the Notice of Default
7  (*Id.,* ¶ 67); and (3) Civ. Code § 2932[3] because BANA "was never a beneficiary with
8  power to assign" (*Id.*, ¶ 68).  Plaintiff's wrongful foreclosure claim initially fail
9  because no sale has occurred.  Moreover, Defendants have complied with the
10 statutory requirements for proceeding with a non-judicial foreclosure, and have the
11 authority to foreclose on the subject property.
12      Wrongful foreclosure is an action in equity, where a plaintiff seeks to set
13 aside a foreclosure sale that has already occurred. *Lane v. Vitek Real Estate Indus.*
14 *Grp.*, 713 F. Supp. 2d 1092, 1097 (E.D. Cal. 2010).  Here, Plaintiff's claim fails
15 because he does not credibly allege a foreclosure sale has occurred.  "Because
16 plaintiff's house has not yet been sold, a claim for wrongful foreclosure is not yet
17 ripe." *Manzano v. Metlife Bank, N.A.*, 2011 WL 2080249, at *6 (E.D. Cal. May 25,
18 2011). "The Trustee's Sale of Plaintiff's property has not taken place. Thus,
19 Plaintiff's wrongful foreclosure claim fails for being premature." *Beall v. Quality*
20 *Loan Serv. Corp.*, 2011 WL 1044148, at *3 (S.D. Cal. Mar. 21, 2011); *see also*
21 *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal.
22 2010) ("Here, there is no dispute that a foreclosure sale did not take place . . .
23 Accordingly, the Court finds that this cause of action is premature.").

### A.  Plaintiff fails to Allege a Violation of Section 2923.5.

25 Section 2923.5 is a statute of limited effect and duration, concerned only with
26 the notice given to borrowers in default.  Subsection (a) requires all mortgagees,

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

---

[3] Based on Plaintiff's allegations, Defendants assume Plaintiff is actually referring to Section 2932.5.

trustees, beneficiaries, and authorized agents that seek non-judicial foreclosure of relevant loans to make a diligent effort to contact the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Civ. Code § 2923.5(a). Subsection (b) requires applicable notices of default to include a declaration "that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h)." Civ. Code § 2923.5(b). In so far as this statute gives rise to any right of action, it is *only* for the limited right to postpone a foreclosure sale before it has occurred, to ensure proper notice. *Mabry v. Sup. Ct.*, 185 Cal. App. 4th 208, 212 (2010) .

Here, a Notice of Default was recorded in June 2011 *after Plaintiff admittedly defaulted on his **modified** loan payments*. (Comp., ¶ 27; Exs. G, M). Thus, given that Plaintiff admits he was considered for a loan modification, he cannot allege that BANA has not explored options to avoid foreclosure. *Mabry*, 185 Cal. App. 4th at 232 ("[T]o the degree that the words 'assess' and 'explore' can be narrowly or expansively construed, they must be narrowly construed in order to avoid crossing the line from state foreclosure law into federally preempted loan servicing. Hence, any 'assessment' must necessarily be simple—something on the order of, 'why can't you make your payments?' The statute cannot require the lender to consider a whole new loan application or take detailed loan application information over the phone."). Thus, Plaintiff's claim fails because he admits that he *was* considered for, and provided, a loan modification prior to the recording of the Notice of Default.[4]

Furthermore, insofar as the applicable [pre-2013] version of Section 2923.5 gives rise to any right of action here, it is only for the limited right to postpone a

---

[4] To the extent Plaintiff attempts to allege a Section 2923.5 violation because Defendants allegedly failed to respond to his requests, in 2012 and later, to "re-draw" the Fannie Mae modification offer, Plaintiff fails to allege any violation of the statute. Not only does Section 2923.5 not require that a servicer offer a loan modification to a borrower, but, moreover, Plaintiff's allegations post-date the recording of the Notice of Default.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    foreclosure sale so that a lender can comply with the statute. *Mabry*, 185 Cal. App.

2    4th at 231.  Here, Plaintiff has already obtained all possible relief under Section

3    2923.5 as the trustee's sale originally set for October 3, 2011 has been postponed for

4    over three years and no sale has occurred.  (Comp., Exs. K, Q, W).

5          Accordingly, Plaintiff is unable to maintain a claim for wrongful foreclosure

6    based on any purported defect in the Notice of Default.

7          **B.**    <u>**Plaintiff Fails to Allege Any Improprieties in Foreclosure**</u>

8               <u>**Proceedings.**</u>

9          California Civil Code sections 2924 *et seq.* set forth the requirements for

10   conducting a non-judicial foreclosure.  "California Courts have repeatedly held that

11   California's non-judicial foreclosure statutes are comprehensive and have refused to

12   impose requirements not found in the statute." *Gentsch v. Ownit Mortg. Solutions*

13   *Inc.,* 2009 WL 1390843, slip op. (E.D. Cal. May 14, 2009); *see also, Homestead*

14   *Sav. v. Darmiento*, 230 Cal. App. 3d 424, 432-33 (1991).  The statutory scheme

15   regulating trustee sales is inconsistent with the judicial incorporation of other,

16   unrelated provisions into the foreclosure proceedings. *Moeller v. Lien*, 25 Cal. App.

17   4th 822, 834 (1994); *see also I.E. Assocs. v. Safeco Title Ins.*, 39 Cal. 3d 281, 288

18   (1985) (holding that the non-judicial foreclosure statute supplants common law as to

19   rights and duties of parties to deeds of trust).

20         The California statutory scheme allows the foreclosure process to be

21   conducted by the "trustee, mortgagee or beneficiary or any of their authorized

22   agents." Cal. Civ. Code § 2924(a)(1).  The beneficiary under a Deed of Trust, *or its*

23   *authorized agent*, is entitled to record the notice of default in order to initiate

24   nonjudicial foreclosure proceedings. *Id.* (emphasis added).  Here, ReconTrust was

25   acting as agent for the beneficiary when it executed the June 2011 Notice of Default.

26   (Comp., Ex. J).

27         Further, the beneficiary in the deed of trust "may make a substitution of

28   trustee . . . to conduct the foreclosure and sale." *Kachlon v. Markowitz*, 168 Cal.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   App. 4th 316, 334 (2008); see also Cal. Civ. Code § 2934; *Dimock v. Emerald*
2   *Props. LLC*, 81 Cal. App. 4th 868, 871 (2000).  Here, MERS as beneficiary,
3   designated ReconTrust to act as substituted trustee under the Deed when it executed
4   the Substitution of Trustee in 2009.  (Comp., Ex. F)  Therefore, ReconTrust had
5   authority to proceed with foreclosure, either as agent for the beneficiary *or as the*
6   *substituted trustee.*

           **C.**     **Assignment of the Deed of Trust Was Proper.**

8         An additional theory underlying Plaintiff's wrongful foreclosure claim is that
9   Defendants allegedly lack standing to foreclose because of their failure to comply
10  with Civil Code Section 2932.5 (Comp., ¶ 68).  Plaintiff apparently contends that
11  Section 2932.5 requires that an assignment of the deed of trust to a substituted
12  beneficiary be recorded prior to exercising the power of sale.  Plaintiff's reliance on
13  Section 2932.5 is misplaced.  Section 2932.5 does not apply to deeds of trust, and a
14  recorded assignment is not necessary for a party to be a valid beneficiary that can
15  conduct foreclosure proceedings.  *See Parcray v. Shea Mortg., Inc.,* 2010 U.S. Dist.
16  LEXIS 40377, at *31 (E.D. Cal. 2010)  ("There is no requirement under California
17  law for an assignment to be recorded in order for an assignee beneficiary to
18  foreclose."); *Roque v. Suntrust Mortg., Inc.,* 2010 U.S. Dist. LEXIS 11546, at *7-*8
19  (N.D. Cal. 2010)  ("Section 2932.5 applies to mortgages, not deeds of trust. It
20  applies only to mortgages that give a power of sale to the creditor, not to deeds of
21  trust which grant a power of sale to the trustee. Trustees regularly foreclose on
22  behalf of assignees for the original beneficiary.")

23        Moreover, California Civil Code § 2934 underscores that the assignment of a
24  Deed of Trust does not need to be recorded at all, including under Section 2932.5.
25  Civil Code § 2934 states, "[a]ny assignment of a mortgage and any assignment of
26  the beneficial interest under a *deed of trust may be recorded*…."  The use of the
27  word may, instead of shall, demonstrates that the Legislature intended to make the
28  recording of the assignment of deed of trust discretionary and not necessary to make

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

the assignment affective.  Therefore, Plaintiff's claim fails to the extent it is based on this theory because Defendants did not need to record an assignment of the Deed of Trust in order to conduct foreclosure proceedings.

## VI.   COUNT NO. 2 FOR FRAUD FAILS

Plaintiff's second claim for fraud is premised on allegations that BANA "fraudulently" recorded the Assignment to itself when Fannie Mae was still the beneficiary (Comp., ¶ 72) and "intentionally… sabotage[ed]" the Fannie Mae modification offer so "[BANA] could foreclose rather than modify."  (*Id.*)  These allegations fail to support any claim of fraud against Defendants and are simply rhetoric.

The elements of fraud are a misrepresentation of fact, knowledge of its falsity, intent to defraud, justifiable reliance upon the misrepresentation, and damages resulting from that justifiable reliance.  *See Harazim v. Lynam*, 267 Cal. App. 2d 127, 130 (1968).  Federal Rule of Civil Procedure 9(b) mandates that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Under this rule, it is required that "'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'"  *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).  This "particularity" requirement means that a plaintiff must specifically plead (1) the contents of the misrepresentation, (2) the identity of the speaker and his or her authority to speak, (3) when and where the statements were made, (4) whether the statements were oral or written and, in the latter instance, the specific documents containing the representations, and (5) the manner in which the representations are allegedly false or misleading.  *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) ("To avoid dismissal for inadequacy under Rule

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   9(b), [the] complaint would need to state the time, place, and specific content of the

2   false representations as well as the identities of the parties to the

3   misrepresentation.") (internal quotations omitted).

4        Alleging fraud against a corporate defendant requires further specificity.

5   Because corporations speak through agents, the identity of the corporate agent that

6   perpetrated the fraud and that person's authority to bind the company must be

7   alleged to satisfy Rule 9(b)'s pleading requirement. *Mat-Van, Inc. v. Sheldon Good*

8   *& Co. Auctions, LLC*, No. 07-912, 2007 WL 3047093, at *4 (S.D. Cal. Oct. 16,

9   2007).

10       **A.**    **Plaintiff Fails to Plead the Elements of a Fraud Claim.**

11       Here, Plaintiff fails to make any of his fraud-based allegations with the

12  particularity required under Rule 9(b).  Instead, Plaintiff conclusorily alleges that

13  BANA, MERS and ReconTrust engaged in "fraud" and that BANA has a "pattern

14  and practice… to promote… foreclosure." (Comp., ¶¶ 74-75).  Despite Plaintiff's

15  various unsubstantiated accusations, Plaintiff fails to identify any fraudulent conduct

16  by Defendant let alone any single misrepresentation, nor does he allege who made

17  them, to whom they were made, when they were made or where they were made.

18  Plaintiff does not allege any of the particular information that is required by Rule

19  9(b).Plaintiff's failure to allege fraud with the required level of specificity warrants

20  the dismissal of this claim.

21       Plaintiff's claim that BANA engaged in fraud by recording the Assignment of

22  Deed to itself, when Fannie Mae was the beneficiary is also without support.  As an

23  initial matter, BANA did not record the Assignment to itself; rather, MERS

24  transferred its beneficial interest under the Deed to BANA. (Comp., Ex. I).

25  Moreover, the Fannie Mae guidelines to servicers like BANA provide that a servicer

26  must prepare an assignment transferring the beneficial interest in the deed of trust

27  from MERS back to the servicer, and then bring the foreclosure (judicial or non-

28  judicial) in its own name. *See*

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  https://www.efanniemae.com/sf/guides/ssg/annltrs/pdf/2010/svc1005.pdf.

2       Plaintiff also fails to plead justifiable reliance. "[T]he mere assertion of

3  'reliance' is insufficient [to state a cause of action]. The plaintiff must allege the

4  specifics of his or her reliance on the misrepresentation to show a bona fide claim of

5  actual reliance." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004);

6  *see also Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 184 (2003) ("[F]or example, that

7  if the plaintiff had read a truthful account of the corporation's financial status the

8  plaintiff would have sold the stock, how many shares the plaintiff would have sold,

9  and when the sale would have taken place. The plaintiff must allege actions, as

10 distinguished from unspoken and unrecorded thoughts and decisions, that would

11 indicate that the plaintiff actually relied on the misrepresentations."). Here, Plaintiff

12 does not allege reliance on any purported fraudulent conduct by Defendants. (*See*

13 *gen.*, Comp.). Without asserting that Plaintiff changed his position in reliance on

14 any fraudulent conduct, Plaintiff fails to sufficiently plead justifiable reliance.

15      Finally, Plaintiff fails to plead damages. "Deception without resulting loss is

16 not actionable fraud." *Service by Medallion, Inc. v. Clorox Company*, 44 Cal. App.

17 4th 1807, 1818 (1996). Moreover the "harm must constitute something more than

18 nominal damages, speculative harm, or the threat of future harm – not yet realized."

19 *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 364 (2007) (internal

20 quotations omitted). Here, Plaintiff does not identify any credible damages that he

21 has suffered as a result of any alleged fraud. Plaintiff simply claims his damages are

22 "loss of equity" in the Property, "loss of his credit," and loss of a loan modification

23 he claims he was "entitled" to.[5] (Comp., ¶ 76). However, Plaintiff defaulted on his

_____

25    [5] Plaintiff's claim of entitlement to a loan modification contravenes case law. The
established rule in California is that there is no common law duty to modify a contract. *Vella v.*
26 *Hudgins*, 151 Cal. App. 3d 515, 519 (1984) (parties to contract "may" modify the contract if they
desire). A borrower, thus, has no inherent right to a modification. *See Vuki v. Super. Ct.*, 189 Cal.
27 App. 4th 791, 794 (2010) (no right to modification under Civil Code §§ 2923.52 or 2923.53);
28 *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  loan due to his own financial circumstances.  Any resulting foreclosure proceedings

2  and damage to his credit was the result of that default and not of any alleged conduct

3  by Defendants.

4  **B.    Plaintiff Cannot Lump Multiple Defendants Together.**

5  In addition, Plaintiff's Complaint does not adequately plead a cause of action

6  for fraud because the allegations are against multiple defendants.  "Rule 9(b) does

7  not allow a complaint to merely lump multiple defendants together but requires

8  plaintiffs to differentiate their allegations when suing more than one defendant, in

9  order to inform each defendant separately of the allegations surrounding his alleged

10  participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir.

11  2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439

12  (M.D. Fla. 1998)).  "In the context of a fraud suit involving multiple defendants, a

13  plaintiff must, at a minimum, 'identify the role of each defendant in the alleged

14  fraudulent scheme.'" *Id.* at 765 (quoting *Moore v. Kayport Package Express, Inc.*,

15  885 F.2d 531, 541 (9th Cir. 1989) ).  Plaintiff's complaint fails to identify the role of

16  any of the Defendants in any purported fraud.  As such, Plaintiff's fraud claim

17  against Defendants fails.

18  Finally, where a fraud claim is so vague as to render amendment futile, a

19  court should dismiss the claim with prejudice.  *Ruiz v. Mortgage Elec. Registration*

20  *Sys.*, No. 09-0780, 2009 U.S. Dist. LEXIS 67050, at *26 (E.D. Ca. Aug. 3, 2009);

21  see also *Aspenlind v. Am.'s Servicing Co.,* No. 07-0769, 2008 U.S. Dist. LEXIS

22  11530, at *12-13 (E.D. Ca. Feb. 15, 2008) (Dismissing plaintiff's fraud claim

23  without leave to amend because amendment would be futile in light of complaint

24  and opposition papers, which were "vague, confusing, and largely unintelligible.")

25  Here, Plaintiff fails to plead facts sufficient to support his claim of fraud.

26  Plaintiff has not identified which defendant committed any fraudulent acts, what

27  these acts were or what role Defendants played in the fraudulent conduct.  As such,

28  this claim should be dismissed.

## VII.   COUNT NO. 3 FOR NEGLIGENCE FAILS

As with his fraud claim, Plaintiff's third claim for negligence fails to plead the elements necessary to establish any negligence by Defendants. Plaintiff's claim against Defendants purports to allege that BANA had a duty of care to Plaintiff in connection with reviewing him for a loan modification, as BANA was acting beyond the role of a "mere lender of money" in connection with the review which "they [sic] did not exercise." (Comp., ¶¶ 80-81).   Notably absent are any alleged damages Plaintiff purportedly suffered as a result of the claimed negligence. (*See gen.*, Comp.)

The elements of a negligence claim are: (1) a legal duty to use reasonable care; (2) breach of that duty; and (3) proximate cause between the breach and the plaintiff's injury. *See Phillips v. Mortg. Elec. Registration Sys.*, 2009 U.S. Dist. LEXIS 93277, at *9 (E.D. Cal. Oct. 2, 2009).

### A.   Defendants Owed Plaintiff No Duty of Care.

"The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991). "[A] financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id.* at 1096. Loan servicers also do not owe a duty of care to borrowers. *Wong v. Am. Servicing Co., Inc.*, 2009 WL 5113516, at *6 (E.D. Cal. 2009); *Winter v. Chevy Chase Bank*, 2009 U.S. Dist. LEXIS 99554, at *6-7 (N.D. Cal. Oct. 26, 2009) (Borrowers cannot maintain negligence claims against mortgage lenders because mortgage lenders do not owe borrowers a duty of care in arm's length mortgage transactions). In *Armstrong v. Chevy Chase Bank, FSB*, 2012 WL 4747165, at *4 (N.D. Cal. Oct. 3 2012), the court found that:

> ... a loan modification, which at its core is an attempt by a money lender to salvage a troubled loan, is nothing more than a renegotiation of loan terms. This renegotiation is

the same activity that occurred when the loan was first originated; the only difference being that the loan is already in existence. Outside of actually lending money, it is undebatable that negotiating the terms of the lending relationship is one of the key functions of a money lender. For this reason, '[n]umerous cases have characterized a loan modification as a traditional money lending activity.'

Here, Plaintiff fails to credibly allege that BANA's involvement in reviewing Plaintiff for a loan modification exceeded the scope of its conventional role as a mere lender of money or as a servicer of the loan.

Because Defendants do not owe Plaintiff a duty of care, the claim should be dismissed.

## B.   Plaintiff Fails to Plead Any Breach of a Duty Owed.

Plaintiff fails to allege any breach of a purported duty owed to him by BANA (or any other defendant). Plaintiff's conclusory assertion that Defendants "failed to exercise" the appropriate duty of care is unsupported by any factual allegations and fails. Plaintiff has not identified any specific facts demonstrating any wrongdoing. To the extent Plaintiff's claim is premised on BANA's alleged failure to re-issue him the Fannie Mae loan modification offer, Plaintiff's claim is without merit. State and federal law prohibit the claim that a bank must provide a loan modification. *Mabry v. Super. Ct.*, 185 Cal. App. 4th 208, 223 (2010) ("to have required loan modifications would have run afoul of federal law."). *See also Hoffman v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 70455, at *15 (N.D. Cal. June 30, 2010) ("[L]enders are not required to make loan modifications for borrowers that qualify under HAMP[.]"); *Bank of Am., N.A. v. Roberts*, 217 Cal. App. 4th 1386, 1399 (2013) ("[HAMP] has been consistently construed to create no private rights or private causes of action on the part of borrowers").   In any event, the Fannie Mae loan modification offer *was* "re-drawn" and sent to Plaintiff in March 2013– in the name he took his loan out in, "Joe Duran, Jr." (Comp., ¶ 45).  Plaintiff's claimed inability to have the document notarized was a problem of his own creation.  Thus,

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  because Plaintiff fails to adequately allege any breach, the cause of action should be
2  dismissed.

3     **C.**     **Plaintiff Fails to Plead Any Damages or Proximate Causation.**

4          Plaintiff fail to allege any factual support that he suffered any damages as a
5  result of BANA's negligence (or that of any other defendant). Moreover, Plaintiff
6  cannot demonstrate that Defendants caused him damages, as it was his own
7  admitted default and failure to cure the default that lead to foreclosure proceedings,
8  and credit loss.  Thus, the Motion should be granted.

9  **VIII.  COUNT NO. 4 FOR VIOLATION OF THE UCL FAILS**

10          Plaintiff's fourth claim alleges that Defendants violated Bus. & Prof. Code
11  § 17200 (the "UCL") in violating the statutes which form the basis of his "Wrongful
12  Foreclosure" claim and in violating Cal. Penal Code § 532(f)(a)(4).  Plaintiff's claim
13  fails because he does not establish any underlying unlawful, unfair, or fraudulent
14  conduct.  A claim for violation of the UCL stands or falls depending on the fate of
15  antecedent substantive claims. *Krantz v. BT Visual Images*, 89 Cal. App. 4th 164,
16  178 (2001).  A court may not allow a plaintiff to "plead around an absolute bar to
17  relief simply by recasting the claim as one for unfair competition." *Chabner v.*
18  *United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).

19     **A.**     **Plaintiff Lacks Standing to Bring a UCL Claim.**

20          Since the passage of Proposition 64, a private plaintiff must have suffered
21  injury in fact and lost money or property as a result of the defendant's conduct in
22  order to have standing. Bus. & Prof. Code § 17204.  "An injury in fact is [a]n actual
23  or imminent invasion of a legally protected interest, in contrast to an invasion that is
24  conjectural or hypothetical." *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 853 (2008).
25  "[I]njury must be economic, at least in part, for a plaintiff to have standing under
26  Business and Professions Code section 17204." *Animal Legal Defense Fund v.*
27  *Mendes*, 160 Cal. App. 4th 136, 147 (2008).  Allegations of "moral injury" are
28  insufficient, and an alleged injury "suffered upon learning 'the truth'" is not

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   economic. *Id.*

2        Here, Plaintiff asserts that he has suffered "financial injury" without any

3   further detail. (Comp., ¶ 87).  However, this conclusory allegation is insufficient to

4   establish Plaintiff's standing.  Because Plaintiff fails to plead any facts establishing

5   an economic injury resulting from Defendants' alleged conduct, Plaintiff lacks

6   standing to bring this UCL claim and it fails as a matter of law.

7        **B.**     **Plaintiff Fails to Plead Facts Showing the Existence of Any Illegal,**

8                **Fraudulent or Unfair Acts to Support a UCL Claim.**

9           **1.**    **Plaintiff Fails to Allege Unlawful Conduct.**

10       A "violation of another law is a predicate for stating a cause of action under

11  the UCL's unlawful prong." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App.

12  4th 1544, 1554 (2007).  "In effect, the UCL borrows violations of other laws . . . and

13  makes those unlawful practices actionable under the UCL." *Lazar v. Hertz Corp.*,

14  69 Cal. App. 4th 1494, 1505 (1999).

15       Here, to the extent Plaintiff claims that Defendants violated the unfair prong

16  of the UCL by violating Civ. Code §§ 2924, 2932.5, his claim fails for the reasons

17  discussed in section V, *supra*. (Comp., ¶ 85).  Plaintiff also does not describe any

18  misstatement, misrepresentation, or omissions on recorded documents as required

19  by Penal Code Section 532(f)(a)(4)—as discussed above in Section V, the

20  documents were proper.

21       Plaintiff fails to adequately allege any conduct by Defendants that satisfies the

22  "unlawful" prong of the UCL and his claim should be dismissed.

23           **2.**    **Plaintiff Fails to Allege Unfair Conduct.**

24       "Unfair" conduct under Section 17200 has been defined as conduct that

25  "offends an established public policy or . . . is immoral, unethical, oppressive,

26  unscrupulous or substantially injurious to consumers." *Scripps Clinic v. Superior*

27  *Court*, 108 Cal. App. 4th 917, 939 (2003).  When "determining whether the

28  challenged conduct is unfair within the meaning of the unfair competition

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   law . . .   courts may not apply purely subjective notions of fairness." *Id.* at 941.
2   Rather, a plaintiff's claim under 17200, if based on a public policy, must be
3   "tethered" to a specific constitutional, statutory, or regulatory provision to find an
4   objective basis for determining whether the alleged conduct is unfair. *Id.* at 940.
5           Plaintiff fails to allege any fact showing his claim under Section 17200 is
6   tethered to a specific constitutional, statutory, or regulatory provision, and thus fails
7   under this prong.
8                   **3.      Plaintiff Fails to Allege Any Fraudulent Conduct.**
9           A plaintiff "must state with reasonable particularity the facts supporting the
10  statutory elements of the [Section 17200] violation." *Khoury v. Maly's of Cal., Inc.*,
11  14 Cal. App. 4th 612, 619 (1993); *see also Bennett v. Suncloud*, 56 Cal. App. 4th 91,
12  95-96 (1997)  (sustaining demurrer to Section 17200 claim where complaint lumped
13  defendants together, failing to specify which of the defendants performed which of
14  the alleged acts).
15          As set forth above, Plaintiff does not allege the elements of a fraud claim
16  against Defendants, let alone with the requisite particularity.  Plaintiff directs his
17  allegations of fraud without distinguishing between any of the named defendants,
18  failing to specify which one committed a particular act.  Nor does Plaintiff specify
19  when and where any alleged fraud or misrepresentation was made, the identity of
20  the individual(s) who made the alleged misrepresentations, or the method of
21  communication.  Further, Plaintiff fails to sufficiently plead reliance and damages.
22          Plaintiff's UCL claim thus fails.
23  **IX.   ALTERNATIVELY, IF THE COMPLAINT IS NOT DISMISSED,**
24          **PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE**
25          **DEFINITE STATEMENT.**
26          A motion for a more definite statement is proper when a complaint is so
27  vague and ambiguous that the defendant cannot be reasonably required to frame a
28  responsive pleading. Fed. R. Civ. P. 12(e).  The pleading must be pled "with such

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   clarity and precision that the defendant will be able to discern what the plaintiff is

2   claiming and to frame a responsive pleading." *Anderson v. District Bd. of Trustees*

3   *of Cent. Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996).  A

4   defendant faced with a "shotgun" pleading, in which it is virtually impossible to

5   know which allegations of fact are intended to support which claim(s) for relief "is

6   not expected to frame a responsive pleading."  *Id.*

7           Plaintiff's Complaint rests on conclusory allegations.  It lacks the necessary

8   factual allegations to support any claim for relief against MERS or Fannie Mae.

9   The Complaint does not satisfy the *Twombly* standard requiring "more than labels

10  and conclusions" to plead claims that are "plausible on [their] face."  *Twombly*, 127

11  S. Ct. at 1964-65, 1974.

12          Plaintiff must plead facts attributing wrongful conduct to a specific defendant

13  and tie that conduct to a cognizable claim for relief.  Here, Plaintiff fails to plead

14  any specific facts surrounding his claims and instead makes conclusory allegations

15  that "Defendants" violated statutes and perpetrated fraud.  Such claims are

16  insufficient to plead liability.  *Sollberger v. Wachovia Securities, LLC*, 2010 U.S.

17  Dist. LEXIS 66233, at **9-10 (C.D. Cal. 2010) (holding that plaintiff's "peppering

18  his complaint with buzzwords like 'concealment' and 'fraudulent'" are insufficient

19  to meet the pleading requirements of F.R.C.P. 8(a)).

20          If the Court does not dismiss all the claims in Plaintiff's Complaint, Plaintiff

21  should be ordered provide a more definite statement of any remaining claims so that

22  Defendants can reasonably respond to the allegations asserted against them.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

## X.   <u>CONCLUSION</u>

For the above reasons, Defendants respectfully request that this Court grant the Motion to Dismiss Plaintiff's Complaint without leave to amend.

Dated:  January 26, 2015

**BRYAN CAVE LLP**

By:   *Neeru Jindal*
       Neeru Jindal
       Attorney For Defendants
       Bank Of America, N.A.. Mortgage
       Electronic Registration Systems, Inc.,
       ReconTrust Company, N.A., and
       Federal National Mortgage Association

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is **BRYAN CAVE LLP**, 120 Broadway, Suite 300, Santa Monica, California 90401. I am employed by a member of the Bar of this Court at whose direction the service was made.

On January 26, 2015, I served the foregoing document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the person(s) below, as follows:

Notice has been electronically mailed to:

| | |
|---|---|
| David T. Biderman | dbiderman@perkinscoie.com, sdaniels@perkinscoie.com |
| Ofunne Nkechi Edoziem | oedoziem@perkinscoie.com, AprilPerez@perkinscoie.com, DocketLA@PerkinsCoie.com, laasbdk@perkinscoie.com |
| Susan M. Murphy | susan@susanmurphylaw.com |
| Neeru Jindal | neeru.jindal@bryancave.com, ervin.upton@bryancave.com |

Dated:      January 26, 2015      Respectfully submitted,

**BRYAN CAVE LLP**


By:*/s/Ervin D. Upton*
Ervin D. Upton